IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**FILED**

JUL - 1 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ESTATE OF MIKAL R. GAITHER
by and through Pearl Gaither,
Personal Representative
4824 Eads Street, NE
Washington, DC 20019

      Plaintiff

  vs.

District of Columbia
Serve: Anthony A. Williams
   Mayor District of Columbia
   1350 Pennsylvania Avenue, NW
   Suite 416
   Washington, DC 20004

   Agent for the City
   Office of Corporation Counsel
   441 - 4th Street, NW, 6th Fl. South
   Washington, DC 20001

Odie Washington
   Director, Department of Corrections
   1923 Vermont Avenue, NW
   Washington, DC 20001

Marvin L. Brown
   Warden DC Jail
   1901 D Street, SE
   Washington, DC 20003

Dennis Harrison
   Associate Warden of Operations,
   DC Jail
   1901 D Street, SE
   Washington, DC 20003

      Defendants

Civil Action No.

CASE NUMBER   1:03CV01458

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 07/01/2003



**COMPLAINT**

Comes now the Plaintiff, ESTATE OF MIKAL R. GAITHER, by and through his attorney, W. Thomas Stovall II, and respectfully represent and present to this Court as follows:

## STATEMENT OF CLAIM

1. This action is brought by Plaintiff, as the Personal Representative of the ESTATE OF MIKAL R. GAITHER, her deceased son, against Defendants, the District of Columbia, the Director, Department of Correction, Odie Washington, the Warden of the DC Jail, Marvin L. Brown, and the Associate Warden of Operations, DC Jail, Dennis Harrison, in violation of decedent's rights under the Civil Rights Action, 42 U.S.C §1983 and for Wrongful Death.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C §1331 and 28 U.S.C. §1343;

3. Venue is invoked pursuant to 28 U.S.C. §1391 and properly lies in this Court because all of the events complained of occurred within the District of Columbia;

4. That on or about December 28, 2002, Plaintiff gave written notice of Plaintiff's claim to Defendant pursuant to the provision of D.C. Code §12-309. **A copy of notice is attached, marked as Exhibit I.**

## PARTIES

5. Pearl Gaither, Plaintiff and Mother and Next Friend and Personal Representative of the Estate of Mikal Gaither, who was at all times relevant a citizen of the United States and a resident of the District of Columbia.

6. Defendant, District of Columbia, is a local government entity and having created a Department of Corrections pursuant to D.C. Code §24-211.01. Seq. It has a duty to finance,

2

supervise, and train the staff it employs and to provide a safe environment for persons incarcerated therein. It is also liable for policies, customs, and practices that constitute the intentional and deliberate indifference or reckless disregard of its agents to the liberty interest of D.C. detainees that are committed within the scope of its employment.

7. Defendant, Odie Washington, was the Director of the D.C. Department of Corrections (DOC), at all relevant time periods, at issue herein. He had a duty to supervise the personnel of the Department of Corrections Central Detention Facility (referred to herein at the "DC Jail"). Also, he had a duty to insure that all constitutional, statutory, and local laws were complied with, in addition to having a duty to establish and enforce DOC policies, plans, rules, and standard, in order to ensure the safety, humane treatment, and livelihood of and for all persons incarcerated within the DOC. He is sued in his official and individual capacity, for actions under color of law.

8. Defendant, Marvin L. Brown, was the Warden of the Central Detention Facility, at all times relevant. He had a duty to supervise the administrative and ministerial activities and personnel of the DOC Central Detention Facility. Also, he had a duty to insure that all DOC policies, plans, rules, and standards are coordinated and to ensure the secure and humane treatment and conditions of and for a persons incarcerated within the DOC. He is sued in his official and individual capacity, for actions under color of law.

9. Defendant, Dennis Harrison, was the Associate Warden of Operations, at the DOC Central Detention Facility, at all times relevant. He had a duty to supervise the administrative and ministerial activities and personnel of the DOC Detention Facility, in order to provide for an effective and integrated correctional system and lawful detention of persons incarcerated therein. Additionally, he had a duty to provide a secure, safe, and humane living conditions, in compliance

with constitutional standards. He is sued in his official and individual capacities for actions under color of law.

## COUNT I

10. That on January 27, 2003 Plaintiff, Pearl Gaither, is the duly appointed, qualified and acting Personal Representative of the Estate of MIKAL R. GAITHER, the decedent, who died on December 15, 2002 in the manner as hereinafter alleged by the Superior Court of the District of Columbia.

11. That Plaintiff brings this action for the benefit of decedent's estate and for the benefit of decedent's surviving heirs and next of kin under the provision of D.C. Code.

12. That Defendant, DISTRICT OF COLUMBIA GOVERNMENT, is a municipal corporation, duly organized and existing pursuant to the laws of the United States of America.

13. That on or about December 12, 2002 the decedent MIKAL R. GAITHER was lawfully arrested and incarcerated in a prison institution known as D.C. Jail operated and maintained by Defendant, DISTRICT OF COLUMBIA GOVERNMENT.

14. That on December 14, 2002, while decedent, MIKAL R. GAITHER, was confined in the above mentioned jail, he was assaulted and stabbed in the neck with a sharp instrument by a fellow prisoner.

15. That upon the taking of custody and the incarceration of decedent, MIKAL R. GAITHER into the D.C. Jail, it then and there became the duty of Defendant, DISTRICT OF COLUMBIA, by and through the named Defendants agents, employees and servants to exercise reasonable care for the safety, safekeeping and well-being of decedent.

16. That notwithstanding the duty owed to Plaintiff's decedent, the Defendant, by and through the named Defendants agents, servants and employees, were guilty of one or more of the following acts or omission of negligence.

a) negligently, carelessly and recklessly allowing fellow inmates to have and conceal/keep a knife or dangerous instrument when Defendant knew or in the exercise of reasonable care, should have known that the possession of a knife or sharp instrument by a prisoner within the jail created a substantial risk of harm to other prisoners;

b) negligently, carelessly and recklessly failed to search with sufficient care to discover and remove the knife and/or sharp instruments of its prisoners when Defendant knew or in the exercise of reasonable care, should have know, that the possession of a knife or sharp instrument by a prisoner within its jail created a substantial risk of harm to other prisoners;

c) negligently, carelessly and recklessly ignored prior acts of violent assaults with knife or sharp instrument and did fail to take measures to prevent assault with such instruments on fellow prisoners;

d) negligently, carelessly and recklessly failed to provide safekeeping, care and protection to the decedent while in its care and custody; and

e) negligently, carelessly and recklessly failed to follow normal and accepted penal and correctional institution policies and procedures for making reasonable and periodic inspections based upon prior acts of violence in the jail.

17. That each and everyone of the above mentioned acts or omission of negligence on the part of Defendant by and through the named Defedants agents, employees and servants, and each of them, was the direct, and proximate cause of the death of decedent, MIKAL R. GAITHER.

5

18. That at the time of his death, decedent had a life expectancy of 60 years and was otherwise in excellent health.

## COUNT II - WRONGFUL ACTION

19. That Plaintiff adopts and incorporates by reference each and every allegation of COUNT I as if fully set forth herein.

20. That as a further direct and proximate result of the negligence of Defendants, joint and severally negligence, decedent, MIKAL R. GAITHER, was caused to suffer death on December 15, 2002, leaving as a next of kin, Pearl Gaither, the Plaintiff.

21. That as a direct and proximate result of the acts and/or omissions by Defendant, DISTRICT OF COLUMBIA GOVERNMENT, and the named Defendants agents, servants and employees, Plaintiff decedent was caused to suffer physical pain, mental anguish, loss of bodily functions, hospitalization, medical, drug and nursing care, as well as the expense of his last illness, death and burial.

WHEREFORE, Plaintiff, Pearl Gaither, Personal Representative of the Estate of MIKAL R. GAITHER, demands Judgment on behalf of the estate against the Defendants joint and severally in the sum of Thirty Million Dollars ($30,000,000.00), plus attorney's fees, and costs of this action.

W. THOMAS STOVALL II, #432597
1226 - 11th Street, NW
Washington, DC 20001-4218
(202) 589-0791
Attorney for Plaintiff

Jury Trial Demanded

6

# W. Thomas Stovall II, Esquire

ATTORNEY AND COUNSELOR-AT-LAW
1226-11th Street NW, 3rd Floor
Washington, D.C. 20001-4218
(202) 589-0791/(202) 589-0792 FAX
E-mail: WTStovall2nd@Erols.com

Admitted: 4th Cir/US Ct of Mil Appeals
DC-MD-(PA inactive)
DC-MD Fed Courts

Maryland Office
2106 Dorking Run
Upper Marlboro, MD 20774

**RESPOND TO WASHINGTON, DC OFFICE**

December 28, 2002

Hon. Anthony A. Williams
Mayor, District of Columbia
441 - 4th Street NW, Suite 1100
Washington, DC 20001

Re:   Claimant   : Pearl Gaither, Mother and next Friend of Mikal Raul Gaither DCDC # 283-446
      DOI       : December 14, 2002
      POI       : DC Department of Corrections (DC Jail)

Subject: Notification of Possible Legal Action under D.C. Code §12-309 for Unliquidated Damages

Dear Sir:

In accordance with the subject code section, this letter serves as notice of probable action against the District of Columbia, the D.C. Department of Corrections, and their officers, directors, and employees thereof for the stabbing and subsequent death of Mikal Raul Gaither, on or about December 14, 2002, while he was incarcerated in and under the protection of the D.C. Department of Corrections (DC Jail).

All future correspondence concerning this matter should be addressed to:

Pearl M. Gaither
4824 - Eads Street NE
Washington, DC 20019

Sincerely yours,

W. THOMAS STOVALL II, Esquire

WTSII:yas

cc: Pearl M. Gaither

03 1458
**FILED**

JUL - 1 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT