IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF MIKAL R. GAITHER | ) | |
| by and through Pearl Gaither, | ) | |
| Personal Representative | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:03CV01458 |
| | ) | |
| v. | ) | Judge Colleen Kollar-Kotelly |
| | ) | |
| DISTRICT OF COLUMBIA, *et al*. | ) | Magistrate Judge Alan Kay |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION REQUESTING ORAL ARGUMENT ON
THE DISTRICT OF COLUMBIA'S MOTION TO STRIKE PLAINTIFF'S EXPERTS
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The District's motion to strike one of plaintiff's two penological experts and to exclude the testimony of plaintiff's sentencing expert should be denied for the reasons set forth in Plaintiff's Opposition. (Rec. Doc. 114.) But if the Court has any hesitation about denying the District's motion, plaintiff requests oral argument because the District's reply (Rec. Doc. 115) far exceeds the scope of the District's opening motion and raises significant new arguments for the first time. In the alternative, plaintiff seeks leave to file a sur-reply.

**I.     The District Raises Several Points For The First Time In Its Reply Brief.**

The District's July 7 reply brief raises several issues not addressed in either the District's opening brief or plaintiff's opposition. Most notably, the District argues at length in its reply that: (1) no dispute exists as to Mikal Gaither's potential sentence for distribution of cocaine; and (2) Ms. Roberts' testimony "amount[s] to little more than a [sic] elegy for the victim…." (Reply Br. at 1-5.) The District's opening papers were silent as to both of these issues, which form the crux of the District's 13 page reply (which is three pages longer than its opening brief). (*See* Opening Br. at 7-9.)

In the same fashion, with respect to the alleged duplicative reports of plaintiff's expert penologists, the District's reply focuses on specific text from those reports that it did not address in its opening motion.  The District's selective use of portions of the two experts' reports creates the misimpression that the plaintiff's two penological are simply clones of one another.  But plaintiff is prepared to show, and should be given the opportunity to show, that her two penological experts in fact hold different opinions on some key issues in the case.  In addition, each of plaintiff's two experts has testimony to offer on some issues in the case as to which the other expert will not offer any opinions.[1]

## II. If It Is Not Prepared to Deny The District's Motion On the Current Pleadings, The Court Should Schedule Oral Argument.

Because the District has raised new points for the first time in its reply brief, it would be improper for the Court to grant the District's motion without first affording plaintiff the opportunity to address and rebut those points.  Given the great importance of the outcome of this motion to plaintiff's ability to establish defendants' liability and the full extent of her damages at trial, if the Court is not prepared to deny the District's motion based on the pleadings already filed, oral argument should be permitted to allow plaintiff to address the new material presented in the District's reply.

As noted above, plaintiff's opposition could not anticipate and did not address the new arguments raised by the District's reply.  In a situation where, as here, the pleadings and record do not provide a full explication of the arguments before the Court, oral argument is appropriate.  Under these circumstances, to grant the District's motion without allowing plaintiff an

---

[1] More fundamentally, as set forth in plaintiff's earlier Opposition, it would be well within the norms of trial practice to allow plaintiff to present two experts on these core issues, regardless of whether there is some overlap in their testimony. Plaintiff is entitled to show the jury that two highly qualified experts have reached the same basic conclusion as to the defendants' liability and gross indifference to Mr. Gaither's right to physical safety while in the custody of the Jail.

opportunity for oral argument would reward the District for "sandbagging," a practice repeatedly condemned by courts in this Circuit.  *See, e.g.*, *United States ex rel. Purcell v. MWI Corp.*, 520 F.Supp.2d 158, 166-67 (D.D.C. 2007); *Corson & Gruman Co. v. NLRB*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990).

If the Court is not prepared to dismiss the District's motion on the pleadings filed to date and is unwilling to hear oral argument, it should at a minimum grant plaintiff leave to file a sur-reply.[2]  *Hamilton v. Paulson*, 542 F.Supp.2d 37, 62 (D.D.C. 2008) (allowing for additional briefing when the "the plaintiff has not had an opportunity to respond to the defendant's … argument" which he "articulated for the first time in his reply brief").

## CONCLUSION

For the reasons set forth in Plaintiff's Opposition, the Court should deny the District Motion.  If the Court is not prepared to deny the District's motion to strike plaintiff's experts on the pleadings filed to date, it should schedule oral argument.  In the alternative the Court should permit plaintiff to file a sur-reply.[3]

---

[2]  In a sur-reply, plaintiff would likely address the District's new and baseless contention that there is no dispute about Mikal Gaither's potential sentence for distribution of cocaine; would respond to the District's new claims that Ms. Roberts's testimony would be nothing more than an "elegy"; and would counter the misleading examples of alleged duplication that represent only a small portion of the complex reports of plaintiff's two expert penologists, which differ from each other in a number of important respects.

[3]  If the Court is disinclined to allow either oral argument or a sur-reply, it should disregard the District's reply brief.  *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 311 n.18 (D.D.C. 2007) ("[T]he Court shall ignore the analysis and arguments raised in … Plaintiffs' Reply" where the "movant raise[d] argument for the first time in his reply to the nonmovant's opposition") (Kollar-Kotelly, J.); *United States ex rel. Purcell*, 520 F. Supp. 2d at 166; *Baloch v. Norton*, 517 F.Supp.2d 345, 348 (D.D.C. 2007).

                                          Respectfully submitted,

                                          Paul R. Friedman (D.C. Bar 113852)
                                          John Moustakas (D.C. Bar 442076)
                                          /s/ Eric I. Goldberg (D.C. Bar 494052)
                                          Goodwin Procter LLP
                                          901 New York Avenue, N.W.
                                          Washington, D.C. 20001
                                          Tel.: (202) 346-4000
                                          Fax: (202) 346-4444

July 17, 2008

## LOCAL RULE 7(m) CERTIFICATION

Pursuant to Local Rule 7(m), on July 17, 2008, the undersigned counsel sought concurrence in this motion from counsel for the District of Columbia. Counsel for the District, C. Vaughn Adams, Esq., stated that the District would oppose this motion.

                                          /s/_____
                                          Eric I. Goldberg