UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF MIKAL R. GAITHER,
by and through Pearl Gaither, Personal
Representative,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Civil Action No. 03-01458 (CKK)

**MEMORANDUM OPINION**
(February 26, 2011)

Plaintiff Pearl Gaither ("Plaintiff") commenced this action on July 1, 2003, as the personal representative of the estate of Mikal R. Gaither. Named as defendants are the District of Columbia, Odie Washington, Marvin L. Brown, Dennis Harrison, Zerline Brooks, Gounod Toppin, and Joseph White (collectively, "Defendants"). Presently before the Court is Plaintiff's [201] Motion for Leave to File to [sic] Amended Complaint ("Motion to Amend"), which Defendants have opposed. Based on the parties' submissions, the attachments thereto, the relevant authorities, and the record as a whole, the Court shall GRANT Plaintiff's [201] Motion to Amend.[1]

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents, listed in chronological order of their filing: Pl.'s Mem. of Law in Supp. of Pl.'s Mot. to Amend Compl., Docket No. [201-1]; Pl.'s [Proposed] Third Am. Compl. ("3d Am. Compl."), Docket No. [201-2]; Defs.' Mem. of P. & A. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Defs.' Opp'n"), Docket No. [207]; Pl.'s Reply in Supp. of Mot. to Amend Compl., Docket No. [210].

# I. BACKGROUND

The Court assumes familiarity with its prior opinions in this action, which set forth in detail the extensive history of this case, and shall therefore only address the factual and procedural background necessary to address the discrete issues currently before the Court.

Plaintiff first commenced this action on July 1, 2003, as the personal representative of the estate of Mikal R. Gaither ("Gaither"), who was fatally stabbed on December 14, 2002 while incarcerated at the District of Columbia Central Detention Facility (the "Jail"). *See* Compl., Docket No. [1]. On July 21, 2003, before anyone had appeared as a defendant in this action, Plaintiff filed an amended complaint as a matter of right. *See* Am. Compl., Docket No. [5]. Subsequently, upon Defendants' motion and with Plaintiff's consent, the action was stayed for over three years—from October 8, 2003 through January 4, 2007—pending resolution of a criminal investigation into the circumstances surrounding Gaither's death. *See* Min. Order (Oct. 8, 2003); Min. Order (Jan. 4, 2007).

Shortly after the stay was lifted, Plaintiff filed a second amended complaint, which remains the current iteration of the complaint in this action. *See* Second Am. Compl. ("2d Am. Compl."), Docket No. [34]. Therein, Plaintiff asserted three causes of action against Defendants. In addition to claims for negligence/survival and wrongful death, which are not immediately relevant here, Plaintiff asserted a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), predicated upon alleged violations of Gaither's rights under the Fifth Amendment. 2d Am. Compl. ¶¶ 62-68. More specifically, Plaintiff alleged that Defendants subjected Gaither to a "serious and unreasonable risk of violent injury as a result of the unconstitutional conditions at the Jail that were well-known," including "pervasive violence; overcrowding; a shortage of

necessary correctional officers; inadequate training of correctional officers; negligent supervision of correctional officers; inadequate policies, procedures, and practices for critical staffing, classification, and security; and failure to enforce such policies, procedures, and practices relating to critical staffing and security that were in effect." *Id.* ¶ 63. According to Plaintiff, Defendants' "ongoing failure to address these unconstitutionally dangerous conditions was the result of a conscious and deliberate decision or of reckless disregard for the safety of inmates at the Jail," and violated Gaither's rights under the Fifth Amendment. *Id.* ¶¶ 64-66, 69-71.

On September 8, 2009, the Court issued a 61-page decision resolving the parties' respective cross-motions for summary judgment. *See Estate of Gaither ex rel. Gaither v. District of Columbia*, 655 F. Supp. 2d 69 (D.D.C. 2009). Therein, the Court chastised both parties for failing to articulate the legal principles governing Plaintiff's Section 1983 claim. *Id.* at 85. Most notably, the Court observed that, while the "Constitution imposes certain obligations on prison officials to ensure the health and safety of incarcerated individuals, whether that right is guaranteed under the Fifth Amendment (as Plaintiff alleges) or under the Eighth Amendment depends upon the status of the incarcerated individual—a point that neither party [] addressed." *Id.* The Court explained:

> It is well established that the Eighth Amendment's prohibition on "cruel and unusual punishment" imposes various obligations upon prison officials, including as is relevant to the case at hand, a duty to protect prisoners from violence at the hands of other prisoners. It is equally well settled, however, that the Eighth Amendment's prohibition applies only to persons who are subject to "punishment" which excludes pretrial detainees who have not been adjudicated as guilty of any crime and are therefore not subject to "punishment." Accordingly, courts have recognized that pretrial detainees have an independent due-process right under the Fifth and Fourteenth Amendments to humane conditions while incarcerated. Although the

3

> exact contours of a pretrial detainee's right under the Fifth Amendment have not yet been established, it is clear that the [Fifth] Amendment provides a pretrial detainee [protections] at least as great as the analogous Eighth Amendment right. Thus, although the rights under the Fifth and Eighth Amendments are comparable, it appears that the Fifth Amendment may provide a greater degree of protection to pretrial detainees who are not yet subject to punishment of any kind.

*Id.* at 85-86 (internal citations omitted and quotation marks and notations altered). In light of this distinction, the question of whether "Gaither—as an individual who had already pled guilty, but had not yet been sentenced—[was] a pretrial detainee, whose rights are guaranteed under the Fifth Amendment, or [was] [] a convicted inmate, whose rights are guaranteed under the Eighth Amendment," was of potentially constitutional significance. *Id.* at 86. Indeed, if an individual, like Gaither, who has pled guilty but has not yet been sentenced should be treated as a convicted inmate, rather than a pretrial detainee, Plaintiff's claim that Defendants violated Gaither's Fifth Amendment rights would be "on shaky ground." *Id.* at 87. But because the parties completely failed to address Gaither's detention status, and because the same basic standard of "deliberate indifference" is generally applied to both Fifth and Eighth Amendment claims, the Court declined to resolve the question of Gaither's status "on the inadequate record [then] before it" and proceeded to address in detail the factual disputes that otherwise precluded summary judgment on Plaintiff's Section 1983 claim. *Id.*

Immediately on the heels of the Court's decision, the parties filed motions for reconsideration and proceeded to brief those motions. *See* Defs.' Mot. for Recons., Docket No. [195]; Pl.'s Mot. for Partial Recons., Docket No. [196]. Then, on October 20, 2009, six weeks after the issuance of the Court's decision, Plaintiff filed the present [201] Motion to Amend, through which Plaintiff seeks leave to amend her complaint in order to plead her Section 1983

claim in the alternative under the Fifth and Eighth Amendments.[2] *See generally* 3d Am. Compl.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within twenty-one days after service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Where, as here, a party seeks to amend its pleadings outside that time period, they may do so only with the opposing party's written consent or the district court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave "should be freely given unless there is a good reason, such as futility, to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1197 (1997). As the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

---

[2] Plaintiff also proposes to omit references to a series of John Doe Defendants, who were voluntarily dismissed from this action after the Court issued its decision resolving the parties' respective cross-motions for summary judgment. *See* Notice of Dismissal of Pl.'s Claims Against John Does 1-20, Docket No. [198]. Although the Local Rules of the United States District Court for the District of Columbia require parties to "narrow the areas of disagreement" before filing or opposing non-dispositive motions, Local Rule LCvR 7(m), Defendants fail to address the component of Plaintiff's motion in its opposition, and the Court shall therefore treat it as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (where party fails to respond to arguments in opposition papers, the district court may treat them as conceded) (citing *Fed. Deposit Ins. Co. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997)).

5

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  With these principles in mind, the Court turns to the merits of Plaintiff's Motion to Amend.

### III.  DISCUSSION

Defendants proffer three arguments in opposition to the present Motion to Amend: first, Defendants contend that Plaintiff has unreasonably delayed in seeking leave to amend; second Defendants assert that they would be unduly prejudiced were leave to amend granted; third, and finally, Defendants argue that amendment would be futile because Plaintiff has failed to state a plausible claim for relief.  The Court addresses each argument in turn.

#### A.  *The Timing of Plaintiff's Motion to Amend Does Not Warrant Denying the Relief Sought*

Defendants first characterize Plaintiff's delay in seeking leave to amend as "undue and inexcusable," and intimate that it alone justifies denying leave to amend.  Defs.' Opp'n at 2.  However, Defendants concede, as they must, that the mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party.  Indeed, the United States Court of Appeals for the District of Columbia Circuit has consistently held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion."  *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999).  As explained in greater detail below, *see infra* Part III.B, Defendants cannot credibly claim that Plaintiff seeks to inject a fresh claim or new allegations into this action or that amendment would cause them any undue prejudice; rather, properly understood, Plaintiff's proposed amendment would merely clarify the theories upon which she relies without expanding or otherwise altering the scope of this action in any meaningful manner.

6

In any event, by focusing on the overall duration of this action and failing to place Plaintiff's prior amendments in their proper context, Defendants misconstrue the magnitude of the alleged delay, to the extent it may even be characterized as such. Plaintiff first amended her complaint in the earliest stages of this action, before any defendant had entered an appearance; and she amended her complaint a second time immediately after the three-year stay in this action was lifted, a stay which was clearly requested because Defendants believed that the resolution of the criminal investigation into Gaither's death would have a bearing on the substance of this action. *See supra* Part I. Only thereafter did the parties proceed to conduct discovery. Meanwhile, as previously observed by the Court, it is clear that the legal ramifications emanating from Gaither's detention status never crystallized for the parties prior to the filing of their respective cross-motions for summary judgment. *See Estate of Gaither*, 655 F. Supp. 2d at 85-87. As such, while Plaintiff certainly could have acted sooner, this simply is not a case where a party has made successive post-discovery amendments and yet failed to remedy clear gaps or defects in its pleadings. Indeed, Plaintiff acted with reasonable promptness once potential defects in her Section 1983 claim were brought out into the open, filing the present Motion to Amend within weeks of the Court's decision. Under the circumstances of this case, the timing of Plaintiff's Motion to Amend does not warrant denying the relief sought.

  **B. *Defendants Have Failed to Establish that They Would Be Unduly Prejudiced By Amendment***

Defendants next assert that they would be prejudiced by the "addition of a new claim . . . when discovery is essentially complete and trial strategy already planned." Defs.' Opp'n at 3. For at least two reasons, the argument is unavailing.

First, Plaintiff does not, strictly speaking, seek to add a new claim to this action; her

claim still arises under Section 1983, the principal difference being that Plaintiff seeks to plead the predicate constitutional violation in the alternative under both the Fifth and Eighth Amendments. *See* 3d Am. Compl. ¶¶ 58-70. More to the point, the underlying conduct challenged by Plaintiff under the Fifth and Eighth Amendments is identical; in both cases, Plaintiff contends that Defendants were deliberately indifferent to and recklessly disregarded the same substantial reasonable risk of harm to Gaither. *Id.* The factual allegations are coterminous and, as previously observed by the Court, the same basic standard of "deliberate indifference" would apply to both claims. *See Estate of Gaither*, 655 F. Supp. 2d at 87. In other words, Plaintiff seeks to "clarify [the] legal theories" upon which she will rely in prosecuting this action and does not seek to inject an entirely new claim at the advanced stage of these proceedings. *Harrison*, 174 F.3d at 253. Amendments that do not radically alter the scope and nature of the action, such as the one now proposed, are especially favored. *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 58 (D.D.C. 2009); *see also Harrison*, 174 F.3d at 253 (district court should have granted employee's motion to amend complaint to substitute the Rehabilitation Act for the American with Disabilities Act as basis for disability discrimination claim, where "[c]laims and defenses under the two statutes [were] virtually identical").

Second, because amendments are to be freely given absent good reason, Defendants bear the burden of adducing a colorable basis for denying leave to amend. *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008). However, Defendants' arguments as to prejudice reduce to little more than generalities. Most notably, Defendants make absolutely no attempt to articulate what additional discovery would be required to meaningfully respond to a claim arising under the Eighth Amendment, and in light of the fact that the challenged conduct underlying such

a claim would be coterminous with the conduct challenged under the Fifth Amendment, the omission is fatal. *See City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) ("Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely.") (internal quotation marks and notations omitted). Similarly, even crediting Defendants' dubious assertion that their "trial strategy is already planned" when a pre-trial conference has not even been scheduled, Defs.' Opp'n at 3, the Court fails to see—and Defendants certainly fail to articulate—how permitting Plaintiff to assert an alternative legal theory for her Section 1983 claim would meaningfully alter the evidence to be presented at trial.

### C. *Defendants Have Failed to Show that Amendment Would Be Futile*

In a last-ditch effort, Defendants assert that leave to amend should be denied because amendment would be futile. Defs.' Opp'n at 4. Incredibly, Defendants posit that the proposed amended complaint merely restates the same facts that were set forth in the previous iteration of the complaint, and contends that those allegations are so "sweeping" and "conclusory" that they cannot survive the pleading requirements articulated by the Supreme Court in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009). In the course of two paragraphs, Defendants restate a host of the factual allegations in the proposed amended complaint *seriatim* and then argue, with minimal explication, that those factual allegations fail to state a "plausible" claim for relief under the Eighth Amendment. Defs.' Opp'n at 6-8. The argument lacks merit given that, as previously explained, this Court already held that these identical factual allegations were sufficient to survive *summary judgment* under the same "deliberate indifference" standard that would apply to Plaintiff's Section 1983 claim were it analyzed under the rubric of the Eighth Amendment. *See*

9

*Estate of Gaither*, 655 F. Supp. 2d at 88-94. Regardless, whatever the ultimate merits of Plaintiff's claim, it is clear that Defendants have utterly failed to show that it would be futile to permit amendment. Plaintiff shall therefore be "afforded an opportunity to test [her] claim on the merits." *Foman*, 371 U.S. at 182.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Plaintiff's [201] Motion to Amend. An appropriate Order accompanies this Memorandum Opinion.

Date: February 26, 2011

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge