# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ESTATE OF MIKAL R. GAITHER,
by and through Pearl Gaither, Personal
Representative,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants*.

Civil Action No. 03-01458 (CKK)

## MEMORANDUM OPINION
(February 28, 2011)

Plaintiff Pearl Gaither ("Plaintiff") commenced this action on July 1, 2003, as the personal representative of the estate of Mikal R. Gaither. Named as defendants are the District of Columbia, Odie Washington, Marvin L. Brown, Dennis Harrison, Zerline Brooks, Gounod Toppin, and Joseph White (collectively, "Defendants"). Presently before the Court is Defendants' [195] Motion for Reconsideration of the Court's September 8, 2009 Order Granting in Part and Denying in Part Their Motion for Judgment on the Pleadings and/or for Summary Judgment ("Motion for Reconsideration"). Although styled as such, Defendants' motion plainly is not one for reconsideration, as it either raises arguments that should have been raised in their underlying motion for summary judgment but were not, or merely recycles the same arguments already pressed and rejected. Accordingly, based on the parties' submissions, the attachments thereto, the relevant authorities, and the record as a whole, the Court shall DENY Defendants'

[195] Motion for Reconsideration.[1]

## I. BACKGROUND

The Court assumes familiarity with its prior opinions in this action, which set forth in detail the extensive history of this case, and shall therefore only address the factual and procedural background necessary to address the discrete issues currently before the Court.

Plaintiff first commenced this action on July 1, 2003, as the personal representative of the estate of Mikal R. Gaither ("Gaither"), who was fatally stabbed on December 14, 2002 while incarcerated at the District of Columbia's Central Detention Facility (the "Jail"). *See* Compl., Docket No. [1]. In her Second Amended Complaint,[2] Plaintiff asserts the following three causes of action:

- **First Cause of Action (Section 1983).** For her first cause of action, based on 42 U.S.C. § 1983 ("Section 1983"), Plaintiff alleges that Defendants deliberately or recklessly subjected Gaither to an unreasonable risk of violent injury as a result of the conditions at the Jail, in violation of Gaither's Fifth Amendment rights. Second Am. Compl., Docket No. [34], ¶¶ 59-71.

- **Second Cause of Action (Negligence/Survival).** For her second cause of action, Plaintiff alleges that Defendants were under a statutory and common law duty to provide for the safekeeping, care, and protection of detainees, and their breach of that

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents, listed in chronological order of their filing: Defs.' Mot. for Recons. of the Court's September 8, 2009 Order Granting in Part and Denying in Part Their Mot. for J. on the Pleadings and/or for Summ. J. ("Defs.' Mem."), Docket No. [195]; Pl.'s Opp'n to Defs.' Mot. for Recons. of the Court's Denial in Part of Defs.' Mot. for Summ. J., Docket No. [203-1]; Defs.' Reply Mem. in Resp. to Pl.'s Opp'n to Defs.' Mot. for Recons. of the Court's September 8, 2009 Order Granting in Part and Denying in Part Their Mot. for J. on the Pleadings and/or for Summ. J. ("Defs.' Reply"), Docket No. [206].

[2] On February 26, 2011, the Court granted Plaintiff leave to file a Third Amended Complaint, *see* Order (Feb. 26, 2011), Docket No. [220]; Mem. Op. (Feb. 26, 2011), Docket No. [221], but the Second Amended Complaint was the operative version at all times relevant to the pending motion.

2

> duty resulted in Gaither's death. *Id.* ¶¶ 72-78.

- **Third Cause of Action (Wrongful Death).** For her third cause of action, Plaintiff contends that Defendants' negligence proximately caused Plaintiff, as Gaither's next of kin, to suffer the loss of, *inter alia*, Gaither's services, companionship, and financial support. *Id.* ¶¶ 79-81.

This action was stayed for approximately three years pending resolution of a criminal investigation into the circumstances surrounding Gaither's death, after which an extended and often contentious period of discovery ensued. At the conclusion of discovery, the parties filed cross-motions for summary judgment. As described in greater detail below, *see infra* Part III, Defendants raised some of the very same arguments in support of their Motion for Summary Judgment that they now press in their Motion for Reconsideration, and failed to raise others altogether despite having ample opportunity to do so. *See generally* Mem. of P. & A. in Supp. of Defs.' Mot. for Summ. J. ("Defs.' Summ. J. Mem."), Docket No. [146]; Stmt. of Material Fact as to Which There Is No Genuine Issue ("Defs.' Summ. J. Stmt."), Docket No. [146]; Reply to Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Defs.' Summ. J. Reply"), Docket No. [162]; Resp. to Pl.'s Resp. Stmt. Regarding Material Facts and Suppl. to Defs.' Stmt. of Material Facts ("Defs.' Resp. Summ. J. Stmt."), Docket No. [162]. On September 8, 2009, the Court issued a 61-page decision resolving the parties' respective cross-motions for summary judgment. *See Estate of Gaither ex rel. Gaither v. District of Columbia*, 655 F. Supp. 2d 69 (D.D.C. 2009). Immediately on the heels of the Court's decision, Defendants filed the present [195] Motion for Reconsideration.

## II. LEGAL STANDARD

Under Rule 54(b) of the Federal Rules of Civil Procedure, the district court may revise its own interlocutory orders "at any time before the entry of judgment adjudicating all the claims

3

and all the parties' rights and liabilities."³ Fed. R. Civ. P. 54(b). While Rule 54(b) affords a procedural mechanism for courts to reconsider prior interlocutory orders, its actual text provides little guidance as to when reconsideration may be appropriate. *Wultz v. Islamic Republic of Iran*, __ F. Supp. 2d __, 2011 WL 263676, at *3 (D.D.C. Jan. 28, 2011). To fill this gap, the United States Court of Appeals for the District of Columbia has provided that relief under Rule 54(b) is available "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, __ F.3d __, 2011 WL 117067, at *8 (D.C. Cir. Jan. 14, 2011). The "as justice requires" standard may be met where the district court has "patently" misunderstood the parties, strayed far afield of the issues presented, or failed to consider a controlling or significant change in the law or facts since the submission of the issue. *Konarski v. Donovan*, __ F. Supp. 2d __, 2011 WL 383995, at *5 (D.D.C. Feb. 7, 2011). In the final analysis, the district court must ask whether relief upon reconsideration is "necessary under the relevant circumstances." *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (internal quotation marks omitted). In this regard, the district court's discretion is broad. *Id.*

### III. DISCUSSION

Defendants ascribe three errors to this Court's prior opinion resolving the parties' cross-motions for summary judgment:

- First, Defendants contend that this Court erred because Gaither's detention status at

---

³ Defendants also purport to rely upon Rule 59(e) of the Federal Rules of Civil Procedure as a basis for their Motion for Reconsideration, *see* Defs.' Mem. at 8, but Rule 59(e) does not apply where, as here, the underlying order is non-final. *Carranza v. Fraas*, __ F. Supp. 2d __, 2011 WL 380164, at *3 n.2 (D.D.C. Feb. 7, 2011). Regardless, Defendants would be similarly unable to satisfy the standard under Rule 59(e). *See generally Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (describing the circumstances that would justify relief under Rule 59(e)).

the time of his death precludes Plaintiff from relying on the Fifth Amendment as the basis for the predicate constitutional violation supporting her Section 1983 claim, requiring judgment as a matter of law in their favor on that claim. *See* Defs.' Mem. at 9-10; Defs.' Reply at 1-10.

- Second, Defendants posit that this Court erred in finding that myriad genuine factual disputes were "material" because Plaintiff failed to connect Defendants' conduct with a specific standard of care. *See* Defs.' Mem. at 11-20; Defs.' Reply at 10-16.

- Third, Defendants assert that this Court erred because Plaintiff failed to establish that Defendants' conduct proximately caused Gaither's death, warranting judgment as a matter of law in their favor. *See* Defs.' Mem. at 20-23; Defs.' Reply at 16-20.

All three arguments are without merit. The first should have been, but plainly was not, raised in Defendants' Motion for Summary Judgment; indeed, the Court chastised both parties at some length in its opinion for failing to address the argument altogether. The second and third arguments, in contrast, were to some extent raised by Defendants in their Motion for Summary Judgment, but far from "overlooked," as Defendants suggest, they were considered and rejected by the Court.

The Court shall address each of these arguments in turn, but considers it necessary to begin with an overarching observation. As previously stated, although styled as such, Defendants' motion is plainly not one for reconsideration. Defendants' entire motion either raises arguments that should have been, but were not, raised in their underlying Motion for Summary Judgment, or merely recycles the same arguments already pressed and rejected. This approach is, frankly, a waste of the limited time and resources of the litigants and the judicial system. In this Circuit, it is well-established that "motions for reconsideration," whatever their procedural basis, cannot be used as "an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been

5

advanced earlier."[4]  *Secs. & Exch. Comm'n v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010) (internal citations omitted).  While filing a motion of this kind is almost never appropriate, Defendants' decision to do so in this case is especially troubling because the parties were expressly warned that the Court would not entertain "motions for reconsideration" simply repackaging old arguments or presenting arguments that should have been raised earlier.  *See* Scheduling & Procedures Order, Docket No. [59], at 5-6.

While Defendants consistently attempt to elide the nature of the present motion, they effectively concede that the original briefing in support of their Motion for Summary Judgment was wholly inadequate.  Indeed, in a footnote in the notice accompanying the Motion for Reconsideration, Defendants' counsel "apologizes to this Court for the brief originally filed in this case."  Defs.' Mot. for Recons. of the Court's September 8, 2009 Order Granting in Part and Denying in Part Their Mot. for J. on the Pleadings and/or for Summ. J., Docket No. [195], at 1 n.1.[5]  The apology, while appreciated, does not transform Defendants' Motion for

---

[4]  This principle extends across the various procedural mechanisms parties may use to seek "reconsideration."  *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."); *Greer v. Paulson*, 505 F.3d 1306, 1317 (D.C. Cir. 2007) (Rule 60(b) does not afford a party "an opportunity to retry [its] case.").  The United States Court of Appeals for the District of Columbia Circuit recently reaffirmed that the principle applies with equal force in the context of Rule 54(b), which governs the present motion.  *See Capitol Sprinkler*, 2011 WL 117067, at *8 (district courts act within the scope of their discretion in denying "reconsideration" under Rule 54(b) where the motion raises no arguments not already rejected on the merits); *see also Howard v. Gutierrez*, 571 F. Supp. 2d 145, 150 n.1 (D.D.C. 2008) (denying motion for reconsideration under Rule 54(b) where proponent "attempt[ed] to reargue theories that were already rejected.").

[5]  The notice and memorandum accompanying Defendants' Motion for Reconsideration bear the same title and were filed under the same docket entry, making it difficult to distinguish between the two for purposes of citation.

Reconsideration from an attempt to relitigate matters that have already been decided or that should have been raised earlier into a *bona fide* motion for reconsideration. The Court shall not belabor the point further; Defendants are cautioned that they should refrain from filing such motions in the future. With that observation, the Court shall now turn to the task of explaining why each of the three arguments raised by Defendants is without merit.

### A. *Defendants Are Not Entitled to Reconsideration Based Upon Their Belated Argument Regarding Gaither's Detention Status*

Defendants first assert that this Court erred because Gaither's detention status at the time of his death precludes Plaintiff from relying upon the Fifth Amendment as the basis for the predicate constitutional violation supporting her Section 1983 claim. Specifically, Defendants argue that, although formally labeled as a "pretrial detainee," Gaither had already pled guilty and was awaiting sentencing at the time of his death. From this, Defendants posit that Gaither was in fact a "convicted inmate" and not a "pretrial detainee," and therefore ineligible to lay claim to the protections provided by the Fifth Amendment under the controlling case law.

The problem with Defendants' argument is that, as they concede, it plainly was "not argued in their motion for summary judgment." Defs.' Mem. at 5. While this concession alone suffices to deny Defendants "reconsideration" of an argument that admittedly was never made, Defendants further suggestion that "the factual support for this argument was before the Court," Defs.' Mem. at 9, is not well-taken. The "factual support" referred to is a passing reference to the fact that Gaither was "pending sentencing" buried in an expert report attached to Defendants' Motion for Summary Judgment. *Id.* Defendants do not dispute (nor could they) that they never raised the argument that Gaither's detention status precluded Plaintiff's reliance on the Fifth Amendment in any way, shape, or form in their memoranda or statement of material facts. *See*

*generally* Defs.' Summ. J. Mem.; Defs.' Summ. J. Reply, Defs.' Summ. J. Stmt; Defs.' Resp. Summ. J. Stmt. In any event, the expert report referenced by Defendants is the very same one that was referenced by the Court when it raised *sua sponte* the potential legal implications of Gaither's detention status. *See Estate of Gaither*, 655 F. Supp. 2d at 75 n.5. To suggest that the Court erred by "overlooking" the issue is simply disingenuous.

Indeed, in its opinion resolving the parties' respective cross-motions for summary judgment, the Court chastised the parties at some length for failing to articulate the legal principles governing Plaintiff's Section 1983 claim. *See Estate of Gaither*, 655 F. Supp. 2d at 85. Most notably, the Court observed that, while the "Constitution imposes certain obligations on prison officials to ensure the health and safety of incarcerated individuals, whether that right is guaranteed under the Fifth Amendment (as Plaintiff alleges) or under the Eighth Amendment depends upon the status of the incarcerated individual—a point that neither party [] addressed." *Id.* Because neither party had considered the significance of Gaither's detention status, the Court went on to explain as follows:

> It is well established that the Eighth Amendment's prohibition on "cruel and unusual punishment" imposes various obligations upon prison officials, including as is relevant to the case at hand, a duty to protect prisoners from violence at the hands of other prisoners. It is equally well settled, however, that the Eighth Amendment's prohibition applies only to persons who are subject to "punishment" which excludes pretrial detainees who have not been adjudicated as guilty of any crime and are therefore not subject to "punishment." Accordingly, courts have recognized that pretrial detainees have an independent due-process right under the Fifth and Fourteenth Amendments to humane conditions while incarcerated. Although the exact contours of a pretrial detainee's right under the Fifth Amendment have not yet been established, it is clear that the [Fifth] Amendment provides a pretrial detainee [protections] at least as great as the analogous Eighth Amendment right. Thus, although the rights under the Fifth and Eighth Amendments are comparable, it appears

> that the Fifth Amendment may provide a greater degree of protection
> to pretrial detainees who are not yet subject to punishment of any
> kind.

*Id.* at 85-86 (internal citations omitted and quotation marks and notations altered). In light of this distinction, the Court noted on its own accord that the question of whether "Gaither—as an individual who had already pled guilty, but had not yet been sentenced—[was] a pretrial detainee, whose rights are guaranteed under the Fifth Amendment, or [was] [] a convicted inmate, whose rights are guaranteed under the Eighth Amendment," was of potentially constitutional significance. *Id.* at 86. But because the parties completely failed to address Gaither's detention status, the Court declined to resolve the question of Gaither's status "on the inadequate record [then] before it" and proceeded to address in detail the factual disputes that otherwise precluded summary judgment on Plaintiff's Section 1983 claim. *Id.* at 87. In other words, even though the argument clearly was not raised by either party, the Court brought its consideration to bear on the subject and took it as far as the record created by the parties would allow. The suggestion that the Court "erred" under these circumstances is without merit, and "reconsideration" is inappropriate.

Even if this were not the case, Defendants' argument has been rendered moot in the time since they filed their Motion for Reconsideration, as the Court recently granted Plaintiff leave to file a Third Amended Complaint to plead the basis for the predicate constitutional violation supporting her Section 1983 claim as arising in the alternative under the Fifth and Eighth Amendments. *See* Order (Feb. 26, 2011), Docket No. [220]; Mem. Op. (Feb. 26, 2011), Docket No. [221]. Because the same basic standard of "deliberate indifference" is generally applied to both Fifth and Eighth Amendment claims, *Estate of Gaither*, 655 F. Supp. 2d at 87, Gaither's

detention status is now principally relevant insofar as it determines which Amendment applies to Plaintiff's Section 1983 claim, and cannot serve as a basis for rejecting Plaintiff's Section 1983 claim in its entirety.

> ### B. *Defendants Are Not Entitled to Reconsideration Based on Their Argument That Plaintiff Failed to Connect Their Conduct with a Standard of Care*

Defendants next contend that this Court erred by finding that various factual disputes were "material" because Plaintiff otherwise failed to establish a connection between Defendants' conduct and a specific standard of care. Unlike their prior argument, this one was made in their Motion for Summary Judgment, at least to an extent. Indeed, one of the headings in Defendants' moving memorandum was aptly titled, "Plaintiff's Failure to Establish a Breach of the Applicable National Standard of Care Defeats Her Negligence Claims Against these Defendants." Defs.' Summ. J. Mem. at 38. Defendants specifically argued, *inter alia*, that the two expert penologists proffered by Plaintiff did not "show that [Defendants] breached an applicable standard of care." *Id.* at 39. In support of their Motion for Reconsideration, Defendants now press the same argument, maintaining that "neither penologist set forth the applicable standard of care for the claims under which [P]laintiff seeks to proceed." Defs.' Mem. at 14. But the Court hardly "overlooked" the argument when raised in the context of Defendants' Motion for Summary Judgment, but rather unambiguously considered and rejected the argument "that Plaintiff has failed to establish the applicable standard of care necessary to succeed." *Estate of Gaither*, 655 F. Supp. 2d at 100-01. The Court described Defendants' argument, set forth the applicable legal standard, and then explained why Defendants had failed to carry their burden of showing that they were entitled to summary judgment on that point. *Id.* Most importantly, Defendants "entirely ignored" the substance of the report and opinions proffered by Plaintiff's

expert penologists. *Id.* at 101. The Court described Defendants' briefing on the issue as "wholly inadequate," and concluded that it could not render a definitive ruling based on the record created by the parties. *Id.* Defendants dispute none of this, but rather seek to relitigate the matter anew in the guise of a motion for "reconsideration." *See* Defs.' Mem. at 11 n.3. However, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Lewis*, 736 F. Supp. 2d at 102 (internal quotation marks omitted). This is especially true where, as here, a party seeks to resurrect an argument that it made in the context of summary judgment outside all the procedural safeguards attendant to summary judgment, including the exchange of statements delineating the disputed factual allegations. The Court declines Defendants' invitation to permit them to use Rule 54(b) as a vehicle for rearguing the merits of their position where they failed to do so adequately in the first place.

True, the Court did provide in a footnote that it "may permit Defendants to re-raise this issue at a later date in advance of trial, if appropriate," *Estate of Gaither*, 655 F. Supp. 2d at 101 n.24, but that was hardly an invitation to repackage the same argument in a motion for reconsideration and to supplement their position with factual and legal argument that should have been, but undeniably was not, made earlier. To the extent Defendants intend to challenge the sufficiency of the testimony proffered by Plaintiff's expert penologists, they must do so through a proper motion *in limine*, such as one predicated on *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993), and the Court shall consider whether such a motion is appropriate in the context of the pre-trial conference.

### C. Defendants Are Not Entitled to Reconsideration Based on Their Argument That Plaintiff Failed to Establish Proximate Causation

Third, and finally, Defendants assert that the Court erred in denying them summary judgment because Plaintiff failed to establish that Defendants' conduct was the proximate cause of Gaither's death. When Defendants pressed this same argument in the context of their Motion for Summary Judgment, they dedicated less than a paragraph to it in their opening memorandum and ignored it altogether in their reply. The sum total of Defendants' argument was as follows:

> Assuming *arguendo* that plaintiff can show deficiencies in the District's customs, policies and/or practices, liability still would not attach unless proximate cause is shown. As held by *Monell*, the District's policies, practices, or customs must have led to the constitutional misconduct. In the case at bar, there is insufficient evidence in the record to establish that the District's asserted failures proximately caused Mikal Gaither's death. Instead, Mr. Gaither failed to notify the District defendants that he had provided testimony to the grand jury about a murder for which his likely assailant was in custody. Because the District had no way of knowing any potential risk of harm that Mr. Gaither's assailant posed, it did not know that Mr. Gaither should have been separated from his likely assailant or that he needed additional protection. Plaintiff's failure to show any linkage between the alleged misconduct and the District defendants that resulted from an unconstitutional District custom, practice or policy, and the death of Mr. Gaither requires that summary judgment be entered in favor of the District.

Defs.' Summ. J. Mem. at 28-29. The argument is plainly focused on the contention that Gaither's claim is barred by the doctrine of contributory negligence, and the Court dedicated no less than seven pages in its opinion to explaining why genuine disputes of material fact precluded summary judgment on the issue. *See Estate of Gaither*, 655 F. Supp. 2d at 103-06. The Court need not revisit the details of its decision again here; suffice it to say that, given the heavily fact-based nature of the inquiry and the existence of factual disputes, the Court concluded that the issue was one for the jury. *Id.* at 106. But the Court did not stop there; affording Defendants'

argument a generous interpretation as a broader challenge to Plaintiff's evidence of proximate causation, the Court nevertheless found that Defendants "failed to provide any factual or legal citations in support of this assertion." *Id.* at 87 n.13. Emphasizing that "the proximate cause of an injury is ordinarily a question for the jury," the Court concluded that Defendants had failed to establish that they were entitled to summary judgment. *Id.* (internal quotation marks omitted). Defendants really dispute none of this, but in a conclusory manner paint Plaintiff's argument that they failed to raise the issue in a timely manner as "unavailing" and rejoin with the platitude that arguments "may be reconsidered if justice so requires." Defs.' Reply at 16-17. However, the Court again declines Defendants' invitation to exercise its discretion to permit them to use Rule 54(b) as a vehicle for rearguing the merits of their position where they failed to do so adequately in the first place.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that justice does not require "reconsideration" under the circumstances presented in this particular case. Therefore, in an exercise of its discretion, the Court shall DENY Defendants' [195] Motion for Reconsideration. An appropriate Order accompanies this Memorandum Opinion.

Date: February 28, 2011

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

13